# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SYDNEY SCALES,

        Petitioner,

v.                                                         Civil Action No. 2:08cv72
                                                                   (Judge Maxwell)

WAYNE A. PHILLIPS, Warden,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

This case is before the undersigned for a report and recommendation on the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, the respondent's Motion to Dismiss and the petitioner's responses, supplements and subsequent motions.

### I. Factual and Procedural Background

The petitioner, a federal inmate incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia, is currently serving a 120-month sentence for conspiracy to distribute and possess with intent to distribute heroin. See Resp't Ex. 1, Att. A. The petitioner's Judgment and Commitment Order recommends that the petitioner participate in the Bureau of Prisons ("BOP") drug treatment program during his term of incarceration. See id. Accordingly, the BOP assessed the petitioner's eligibility for the program and determined that the petitioner was eligible to participate in the program. See Resp't Ex. 1. However, because the petitioner's offense included the possession of a firearm, the BOP found him ineligible for early release under 18 U.S.C. § 3621(e). Id. The petitioner has since completed the residential component of the drug treatment

1

program and is slated for release on February 25, 2010. See Resp't Ex. 1, Att D; Dckt. 22 at Att. 1.

## II. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner argues that he was never convicted of carrying a firearm. Moreover, although the BOP asserts in its responses to the petitioner's administrative grievances, that possession of a firearm precludes a sentence reduction under § 3621(e), the petitioner contends that "nothing under Title 21 excludes [him] from [the] benefits (of early release) under 18 U.S.C. § 3621(e)." Petition at 2. Furthermore, the petitioner notes that in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), the Ninth Circuit Court of Appeals found that the BOP regulation which renders inmates ineligible for early release under § 3621(e) for those with firearm related convictions, was issued in violation of the Administrative Procedures Act ("APA"). Therefore, the petitioner requests that the Court grant him one-year off his sentence for his successful completion of the BOP's Residential Drug Abuse Treatment Program ("RDAP").

**B. The Respondent's Motion**

In the motion to dismiss, the respondent asserts that the petition should be dismissed for the following reasons:

1. Failure to exhaust administrative remedies;

2. The discretion to grant early release rests solely with the BOP; and

3. The issues raised in the petition are not yet ripe for adjudication.

In support these claims, the respondent first asserts that although the petitioner initiated the BOP's administrative remedy process with respect to the issue raised in this case, the petitioner did not properly complete all levels of the process, and therefore, failed to exhaust his administrative

2

remedies. Second, the respondent asserts that this Court does not have the authority to override the BOP's discretionary decision and grant the petitioner one year off his sentence. Third, the respondent contends that because the petitioner had not fully completed the residential component of the drug treatment program at the time this case was initiated, the issue is not ripe for adjudication.

**C.   The Petitioner's Responses**

On August 7, 2008, the petitioner filed his first response to the respondent's motion. In this response, the petitioner argues that he has not been given a valid and lawful reason as to why he is being denied early release under § 3621(e). The petitioner further reargues that his 2 point enhancement for possession of a weapon does not bar his early release eligibility and again cites Arrington in support of his request for relief. The petitioner also argues that he is entitled to equal protection under the law because inmates in the Ninth Circuit are receiving the benefit of the Arrington decision, whereas he is not. Finally, the plaintiff asserts that the BOP's actions have been arbitrary and capricious in violation of the APA, and that he is entitled to relief.

On August 11, 2008, the petitioner filed a second response to the respondent's motion. In that response, the petitioner asserts that the respondent's have failed to state a proper basis for dismissal of his case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The petitioner further asserts that the caselaw cited by the respondents is inapplicable to him and reiterates his argument under Arrington. The petitioner also argues that he is not mandated to completely exhaust his administrative remedies under his particular set of circumstances and reargues his equal protection and other claims.

On September 19, 2008, the petitioner filed a Supplemental Memorandum in Support of his

Habeas Petition. In the supplemental memorandum, the petitioner outlines the history of the BOP regulation at issue in this case and clarifies the issue for the Court's consideration. Specifically, the petitioner makes clear that he is challenging the BOP's decision to deny him early release based on his claim that the BOP's regulation violates the APA, as determined by the Ninth Circuit in Arrington.

On November 10, 2008, the petitioner filed a Motion for Summary Judgment. In the motion, the petitioner asserts that the BOP has unlawfully denied his early release "under a self-enacted policy that was not properly passed in accordance with how 'agencies' must create new rules. The policy in question violated the [APA] under 5 USC §551, §553 & §706(2)(A) codified in B.O.P. Program Statement 5162.04 . . . to exclude non-violent offenders from receiving benefits under Title 18 USC §3621(e)(2)(B)." Motion (dckt. 18) at 1. The petitioner further notes that inmates in the Ninth Circuit have received relief under Arrington, and the failure to afford him the same relief violates his equal protection rights. Id. at 2. Thus, the petitioner seeks judgment as a matter of law.

On November 12, 2008, the petitioner filed a Motion for Immediate Injunctive Relief to Enforce this § 2241 Decision in this Case Upon Granting. In the motion, the petitioner requests the Court "step in and enforce compliance to a ruling in favor of the petitioner . . ." Motion (dckt. 19) at 1.

On November 21, 2008, the petitioner filed a supplemental brief in support of his § 2241 application. In the supplemental brief, the petitioner cites the case of Wiggins v. Wise, 951 F.Supp. 614, 619-20 (S.D.W.Va. 1996) in support of his petition.

### III. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the

5

opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. Historical Background**

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In 1994, Congress authorized the BOP to reduce by up to one year the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a treatment program. 18 U.S.C. § 3621(e)(2)(B);[1] Pelissero v. Thompson, 170 F.3d 442, 443-444 (4th Cir. 1999).

Congress delegated to the BOP authority to administer its drug abuse programs, see 28 C.F.R. §550.56, and gave the BOP the discretion to determine which prisoners may participate in RDAP

---

[1] This section provides as follows:
The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

6

and which prisoners are eligible for sentence reductions. Lopez v. Davis, 531 U.S. 230 (2001).

However, Congress did not define the term "nonviolent offense" used in §3621(e)(2)(B). Consequently, the BOP adopted a regulation in May 1995, which defined "'nonviolent offense' as a converse of 'a crime of violence,'" and "excluded from eligibility for early release under §3621(e)(2)(B) those inmates whose 'current offense is determined to be a crime of violence' as set forth in 18 U.S.C. §924(c)(3)." Pelissero, 170 F. 3d at 444; see also 28 C.F.R. §550.58. In addition to enacting the regulation, in May 1995, the BOP adopted Program Statement ("P.S.") § 5330.10 which reiterated Regulation 550.58. In July 1995, the BOP then adopted P.S. § 5162.02 "to further assist case management staff in deciding whether an inmate qualifies for early release under 18 U.S.C. §3621(e)(2)(B) and under implementing Regulation 550.58." P.S. § 5162.02 identified offenses that may be crimes of violence and specifically provided that an individual who is convicted of a drug offense under 21 U.S.C. §841 and received a two-level enhancement for possession of a gun has been convicted of a crime of violence. Id.

However, as noted by the Fourth Circuit in Pelissero, some federal courts held that possession of a firearm by a felon is not a crime of violence under 18 U.S.C. §924(c), so the BOP adopted a revised Regulation 550.58 in October 1997. In its revised regulation, the BOP deleted the crime of violence definition from 18 U.S.C. §924(c), but stated that at the director's discretion inmates whose current offense is a felony which involved the carrying, possession, or use of a firearm or other dangerous weapon were excluded from eligibility for early release. The BOP thereafter amended P.S. § 5330.10 to reflect this change and also adopted P.S. § 5162.04, effective October 9, 1997, which provided that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the

Director of the Bureau of Prisons."  The 1997 regulation was an interim regulation which was finalized on December 22, 2000.  See 65 Fed. Reg. 80745.

**B.    The Administrative Procedures Act**

The APA requires administrative agencies, including the BOP, to provide notice of a proposed rule and a public comment period.  See 5 U.S.C. §553; Chen Zhou Chai v. Carroll 48 F.3d 1331 (4th Cir. 1995).  However, the notice and comment period of the APA does not apply to"to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice."  5 U.S.C. §553(b)(3).

Section 706(2)(A) of the APA states that a court will "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Furthermore, "[i]n making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."  5 U.S.C. § 706.  "Judicial review . . . is generally based on the administrative record that was before the agency at the time of its decision. . . ."  Fort Sumter Tours v. Babbitt, 66 F.3d 1324, 1336 (4th Cir. 1995) (quoting Lewis v. Babbitt, 998 F.2d 880, 881 (10th Cir. 1993)).  Under these provision of the APA, the scope of review is narrow and deferential. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  While the agency starts with the presumption that its action is valid, Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971) *overruled on other grounds by* Califano v. Sanders, 430 U.S. 99, 105 (1977), if an agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed

to a difference in view or the product of agency expertise" then it is arbitrary and capricious. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

When reviewing the agency decision, the court must consider whether "the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Citizens to Preserve Overton Park, Inc., 401 U.S. at 416. Under such deferential review, we may not substitute our judgment for that of the agency. Marsh v. Or. Natural Res. Council, 490 U.S. 360, 376, (1989). Further, "*[p]ost hoc* explanations of agency action by appellate counsel cannot substitute for the agency's own articulation of the basis for its decision." Arrington, 516 F.3d at 1113 (citing Fed. Power Comm'n v. Texaco, Inc., 417 U.S. 380, 397 (1974)). A court can, however, "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 286 (1974).

## C. **Arrington v. Daniels**

The Ninth Circuit in Arrington held that 28 C.F.R. § 550.58 violates the APA because it is arbitrary, capricious, an abuse of discretion, or is otherwise not in accordance with the law. The Court stated:

> [the] district court had found two rational bases for the Bureau's decision to categorically exclude from eligibility for early release those prisoners convicted of offenses involving the possession, carrying, or use of firearms: (1) the increased risk that offenders with convictions involving firearms might pose to the public and (2) the need for uniformity in the application of the eligibility regulation.

Arrington, 516 F.3d at 1113. The Ninth Circuit then examined the validity of each rationale.

1. Threat to Public Safety

As to the first rationale, those convicted of firearm offenses pose a greater threat to public safety, the Ninth Circuit found this rationale arbitrary and capricious. Specifically, the Court found

9

that this rationale was no where in the administrative record. "[The Court is] limited to the explanations offered by the agency in the administrative record." Id. (citing State Farm Mut. Auto Ins. Co., 463 U.S. at 50). It was irrelevant to the Court that this rationale was proffered by the Bureau in its brief to the Supreme Court in Lopez. Id. The Court found this to be a type of "'*post hoc* rationalization' of appellate counsel that it was forbidden to consider in conducting its review under the APA." Id. (citing Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)).

Furthermore, the Court, in a footnote, discussed the argument that it is a common sense decision to exclude those prisoners convicted of offenses involving firearms. Arrington, 516 F.3d at 1113. The Bureau, using Bowen, 202 F.3d at 1219, made the argument that because it is common sense that these types of prisoners pose a threat to public safety "[the Bureau] should . . . not be required to further support its decision with detailed analysis or empirical support." Arrington, 516 F.3d at 1113. In response the Ninth Circuit stated:

> The Bureau's "common-sense" argument lacks legal significance in the APA review context where, as here, the agency failed to articulate the grounds for its purportedly common-sense decision anywhere in the administrative record. Although our review is deferential, the Bureau is not immune from its responsibility to "articulate [ ] a rational connection between the facts found and the choices made." [Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agriculture, 415 F.3d 1078, 1094 (9th Cir. 2005).] Given the Bureau's failure to articulate any rationale, its argument that the agency should not be required to provide additional detailed analysis and empirical support for its purportedly "common-sense" decision is inapposite.

Id. Therefore, the Ninth Circuit found this reasoning could not be considered. The Ninth Circuit then examined the second rationale.

   2. Uniformity

"Uniformity in the application of the eligibility regulation," while in the administrative record, was still found to be arbitrary and capricious by the Ninth Circuit. Arrington, 516 F.3d at

1113. 65 Fed. Reg. 80745 states that the third interim rule attempted to correct the varying interpretations of the first interim rule so that "the Bureau could apply the regulation in a uniform and consistent manner." However, uniformity, according to the Ninth Circuit, does not explain the choice that was made between including or excluding those prisoners convicted of offenses involving the possession, carrying, or use of firearms. Arrington, 516 F.3d at 1114.

> The agency's lack of explanation for its choice renders its decision arbitrary and capricious. See, e.g., Burlington Truck Lines, Inc., 371 U.S. at 167 (striking down action for failure to explain why agency chose one of two available remedies where "[t]here are no findings and no analysis here to justify the choice made, no indication of the basis on which the [agency] exercised its expert discretion").

Arrington, 516 F.3d at 1114. Dismissing both rationales put forth by the BOP, the Ninth Circuit then discussed the Supreme Court's decision in Lopez v. Davis, 531 U.S. 230 (2001), which, on its face, seemingly justifies 28 C.F.R. § 550.58.

3. Lopez Decision

The Ninth Circuit, however, distinguished Lopez by narrowly construing its holding. Specifically, the Ninth Circuit stated that Lopez "addressed a distinct question: whether the Bureau had the authority to pass a rule categorically excluding otherwise eligible prisoners from a grant of early release under § 3621(e)." Arrington, 516 F.3d at 1115. Moreover, the Ninth Circuit found that the Supreme Court, in deciding this question, did not "consider an APA challenge to the validity of the Bureau's 1997 interim rule." Id.

In Lopez, the Supreme Court agreed with the Bureau's rationale that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Lopez, 531 U.S. at 245. However, the Ninth Circuit contends that "this rationale . . . was supported by citation not to the

11

administrative record but to the Bureau's brief." Arrington, 516 F.3d at 1115 (citing Lopez, 531 U.S. at 236). The Ninth Circuit further states that "[t]he Lopez Court's reliance on the arguments of appellate counsel, rather than on the administrative record, evidences the fact that the Lopez Court . . . was not engaged in § 706 review." Arrington, 516 F.3d at 1115-16. The Court in Arrington then noted that although the Lopez decision recognized "that there are rational explanations for the 1997 interim rule, which is identical to the Bureau's final rule in this case, they do not address whether the agency itself articulated those rationales in promulgating the final rule as required by § 706." Arrington, 516 F.3d at 1116. Finding no legitimate rationale for 28 C.F.R. § 550.58, the Ninth Circuit found that the Bureau's regulation failed to meet the arbitrary and capricious standard of § 706 and violated the APA. Id.

**D.  Snipe v. Phillips**

Recently, this Court has had the opportunity to examine the matter squarely at issue in the present case. In Snipe v. Phillips, 3:08cv22 (N.D.W.Va. Dec. 23, 2008), Chief Judge John Preston Bailey reviewed 28 C.F.R. § 550.58, 5 U.S.C. § 706, Lopez, Arrington and subsequent decisions of other Courts. After an extensive examination of the issue, Chief Judge Bailey determined that:

> The **Lopez** decision forecloses all issues presented in this case, except the issue left open by the Supreme Court in footnote 6 of the decision, which reads as follows:
>
>> *Amici* urge reversal on the ground that the Bureau violated the notice and comment requirements of the Administrative Procedure Act when it published the 1997 regulation. Brief for National Association of Criminal Defense Lawyers et al. as *Amici Curiae* 18-24. We decline to address this matter, which was not raised or decided below, or presented in the petition for certiorari. ***Blessing v. Freestone****,* 520 U.S. 329, 340, n. 3 (1997).

See Snipe, Memorandum Opinion and Order Adopting in Part and Reversing in Part Opinion/Report

and Recommendation (dckt. 37) at 4-5 (quoting Lopez, 531 U.S. at 244, n. 6.)

Moreover, Chief Judge Bailey determined that the issue left open by Lopez was not a genuine issue as the regulation is clearly interpretive. Id. at 5 (citing Minotti v. Whitehead, ___ F.Supp.2d ___, 2008 WL 4791462 (D. Md. Oct. 31, 2008); Pelissero v. Thompson, 170 F.3d 442 (4th Cir. 1999); Patterson v. DeWalt, 2006 WL 1520724 (D. Md. May 26, 2006); Keller v. Bureau of Prisons, 2006 WL 4808626 (D. Md. Nov. 15, 2006); Chevrier v. Marberry, 2006 WL 3759909 (E.D. Mich. Dec. 20, 2006)). Thus, "[t]he 'notice and comment' requirements of the Administrative Procedure Act ("APA") do not apply . . ." Id. Even if it did, Chief Judge Bailey found that "the final regulation, effective December 22, 2000, complied with the 'notice and comment' requirement of the APA." Id. (citing Chevrier, at *9; Baxter v. Quintana, 2008 WL 5115046 *6 (W.D.Pa. Dec. 4, 2008)).

Turning then to the Arrington decision, Chief Judge Bailey noted that "[m]ost of the courts outside of the Ninth Circuit which have considered the validity of the regulation in light of Arrington have found the decision not to be persuasive and have declined to follow it." Id. at 6. After examining those cases,[2] Chief Judge Bailey agreed that Arrington was unpersuasive, declined to follow its holding and upheld the challenged regulation. Id. at 6-12.

E.  **Equal Protection Claim**

To be successful on an equal protection claim, the plaintiff must demonstrate "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment

---

[2] See Harrison v. Lamanna, 19 Fed.Appx. 342 (6th Cir. 2001) (unpublished); Sinclair v. Eichenlaub, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008); Baxter v. Quintana, supra; Minotti v. Whitehead, ___ F.Supp.2d ___, 2008 WL 4791462 (D.Md. Oct. 31, 2008); Neal v. Grondolsky, 2008 WL 4186901 (D.N.J. Sept. 9, 2008); Gatewood v. Outlaw, 2008 WL 2002650 (E.D.Ark. May 8, 2008).

was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F. 3d 648, 654 (4th Cir. 2001). If the plaintiff makes such showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id.

In this case, the petitioner has failed to show that he is similarly situated with those inmates who have received the benefit of the Arrington decision. Quite simply, while Arrington may be persuasive authority in other jurisdictions, at this time, it is only applicable to inmates within the Ninth circuit. The plaintiff is not incarcerated within the Ninth Circuit. Thus, he is not situated the same as those inmates who have thus far received a benefit from that decision. For that same reason, the petitioner cannot show that his alleged unequal treatment is a result of intentional or purposeful discrimination. Instead, any "unequal treatment" is simply a matter of location.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 6) be **DENIED**, in that it requests dismissal of this case for the failure to exhaust administrative remedies[3] and because the discretion to grant early release rests solely with the BOP[4]

---

[3] Exhaustion of administrative remedies, while preferred, is not required in habeas proceedings. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)) (the exhaustion requirement is only judicially imposed in habeas proceedings, therefore, a Court has the discretion to waive that requirement in certain circumstances).

[4] The Court does not disagree that the discretion to grant early release rests solely with the BOP. See 18 U.S.C. § 3621(e); Lopez v. Davis, 531 U.S. at 232. However, the BOP's discretion to grant release is not at issue in this case. The issue is whether or not the regulation which prohibits an inmate whose current offense is a felony involving a firearm was properly enacted under the APA. Had the undersigned recommended that the petition be granted, such an argument would be proper in determining what relief would be appropriate. However, since the undersigned has recommended the petition be denied, this issue is moot.

and the issues raised in the petition are not yet ripe for adjudication.[5] Nevertheless, in light of the clear weight of authority with respect to the substantive matter presented in the petition, including the Snipe case recently decided by this Court,[6] the undersigned recommends that the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court. Consequently, the undersigned also recommends that the petitioner's Motion for Summary Judgment (dckt. 18) be **DENIED** and the petitioner's Motion for Immediate Injunctive Relief (dckt. 19) be **DENIED as moot**.[7]

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

---

[5] The petitioner successfully completed the 500 hour residential component of the RDAP program on November 21, 2008. See dckt. 22, Petitioner's Certificate of Completion. Thus, even assuming this matter was not ripe for adjudication at the time of filing, it has become ripe during the pendency of this case.

[6] On January 2, 2009, Chief Judge Bailey denied petitioner Snipe's Motion for Reconsideration. See Snipe, 3:08cv22 at dckt. 40.

[7] The motion for an injunction seeks relief only where the court would grant relief. In light of the recommendation that relief be denied, the motion is moot.

15

docket, and to counsel of record via electronic means.

DATED: January 5, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE